IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

D'Shawn A. Perry,            )
                             )
           Plaintiff,        )   No. 06 C 1028
                             )
v.                           )   Chief Judge Holderman
                             )
Sgt. K. Jones, et al.,       )   Magistrate Judge Cole
           Defendants.       )

## MEMORANDUM OPINION

On 12/19/06, the parties asked that the settlement conference that Chief Judge Holderman requested be held be postponed until May so that they could complete the discovery they thought necessary. In response to that request, I scheduled a settlement conference for 5/15/07 at 3:00 p.m. This gave the parties more than 5 months in which to take discovery and be prepared for the conference. Today, I asked my secretary to call to see if the parties could begin the conference at 1:30 p.m. instead of 3:00 p.m., as scheduled. She was told by Ms. Jeannine Gilleran of Dowd & Dowd, counsel for the defendant, that the counsel for the parties were discussing canceling the conference since they did not think they were ready. Moreover, and quite incredibly, Ms. Gilleran told my secretary that she didn't "even have settlement authority." Prior to this conversation, no one had communicated with chambers to convey what now appeared to be the lawyers' opinion that proceeding with the conference was pointless.

I ordered counsel for the parties to be here at 3:00. It became immediately apparent that the five months that had been allowed to complete discovery had been largely wasted. Indeed, the plaintiff has yet to be deposed, and without that deposition, any settlement discussion is obviously pointless. The defendant's counsel blamed the plaintiff's lawyers, Ms. Ainsworth and Mr. Braden,

for having essentially made the plaintiff unavailable on at least three occasions, while the plaintiff's lawyers blamed defense counsel for the situation. Indeed, it appears that Ms. Gilleran had allowed the discovery closure date to come and go without having filed a motion to compel the deposition of the plaintiff (or to extend discovery). Her excuse was that she believed the promises of the plaintiff's lawyers. In addition, the defendants have never responded to an early (and high) demand for settlement made many months ago in advance of essentially any discovery. Obviously, until discovery was far along and the plaintiff's deposition was completed, any response would be premature and exceedingly tentative.

Whether the defendants' lawyer was, as Ms. Ainsworth snidely put it, "asleep at the switch" or whether she was badly gulled by Ms. Ainsworth and her colleague, Mr. Braden – as she insisted – is uncertain. Defense counsel claims that she has numerous emails and letters proving her version of events. Ms. Ainsworth pooh poohs this and insists that she is the repository of virtue. The only thing that is certain is that the five months that was allotted to allow a meaningful evaluation of the case has come and gone, and that counsel for neither side had the basic courtesy to inform the court that no meaningful settlement conference could have proceeded today.

As a consequence of this blatant disregard of the court's schedule, the time allocated for the conference was squandered, and other cases that weeks ago could have been scheduled to fill in the time were turned away with obvious adverse effects on the efficiency of the system. *Cf. Otto v. Variable Annuity Life Ins. Co.*, 134 F.3d 841, 854 (7th Cir.1998); *In re Sulfuric Acid Antitrust Litigation*, 446 F.Supp.2d 910, 921 (N.D.Ill. 2006). It is this kind of cavalier approach that has prompted the Seventh Circuit in other contexts to voice in the sternest terms its displeasure with lawyers who choose to disregard rules. *See, e.g., Smoot v. Mazda Motors of America, Inc.*, 469 F.3d

675 (7th Cir. 2006); *United States v. White*, 472 F.3d 458 (7th Cir. 2006); *BondPro Corp. v. Siemens Power Generation, Inc.*, 466 F.3d 562 (7th Cir. 2006); *Mortgage Elec. Registration Sys., Inc. v. Estrella*, 390 F.3d 522 (7th Cir. 2004); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318 (7th Cir. 2002). And it is this kind of behavior, which, as Judge Bucklo has said in another context, "gives lawyers a bad name." *Schaffner v. Hispanic Housing Development Corp.*, 76 F.Supp.2d 881, 883 (N.D.Ill. 1999).

What Judge Shadur said in *Regional Transportation Authority v. Grumman Flxible Corp.*, 532 F.Supp. 665, 667 (N.D. Ill. 1982), applies equally here:

> It is a truism that a commission and a uniform may make someone an officer, but not an officer and a gentleman [or lady]. Apparently the same may be said of a license to practice law.

As discussed in open court, the plaintiff is ordered to submit to a deposition on 5/22/07 for a period not to exceed seven hours but also not to be less than seven hours unless counsel for the defendants concludes before that time.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 5/15/07

3