JSG/cv              Atty. NO. 141              5574-25095

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| D'SHAWN A. PERRY ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 06 cv 1028 |
| ) | Judge Holderman |
| SGT. K. JONES (also known as ) | |
| Kedar Jones) ) | DEMANDS JURY |
| ) | |
| Defendant ) | |
| and ) | |
| ) | |
| THE VILLAGE OF DIXMOOR as ) | |
| ) | |
| Third party indemnifier ) | |

**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

NOW COMES the defendant, SERGEANT KEDAR JONES, through his attorneys, DOWD & DOWD, LTD., and pursuant to F.R.C.P. 50 moves this Honorable Court for entry of an Order granting judgment as a matter of law as to all counts in the plaintiff's complaint. In support thereof, the defendant states as follows:

**I.     INTRODUCTION**

The amended complaint filed on behalf of D'Shawn Perry comprises three counts: Count I Federal Civil Rights Act, Count II Section 1983 and Fourth Amendment Violation (excessive force); and Count III Malicious Prosecution. Sergeant Jones has denied the material allegations contained in the complaint and has also filed a number of affirmative defenses including qualified immunity and the immunity established by the Illinois Tort Immunity Act. Sergeant Jones is entitled to judgment as a matter of law inasmuch as plaintiff cannot overcome his

assertion of qualified immunity as well as the immunities afforded by 745 ILCS 10/2-201 and 745 ILCS 10/2-204.

## II.    SERGEANT JONES' ACTIONS WERE OBJECTIVELY REASONABLE UNDER THE TOTALITY OF THE CIRCUMSTANCES.

Sergeant Jones' intent was to assert control over an individual who ignored lawful commands, aggressively threatened his safety and obstructed an arrest. His actions were objectively reasonable within the meaning of the Fourth Amendment.

To establish a claim of excessive force, the plaintiff must show that unreasonable force was use to accomplish an arrest or seizure. *Gram v. Connor*, 490 U.S. 386 (1989).

"Force" is defined as an exertion of power, violence, compulsion or constraint on a person or thing. *Landry v. Daly*, 290 F.Supp. 938 (N.D. Ill. 1968). These terms connote either physical attack upon a person or property, or physical aggression. *Id.* at 954. The plaintiffs' claims are analyzed under the Fourth Amendments objective reasonableness standard. *Jones v. Webb*, 445 F.3d 178, 183 (7th Cir. 1995). Relevant facts "include the severity of the crime at issue, whether the suspect imposes an immediate threat to the safety of the officers or others and whether he is actively resisting or attempting to evade arrest by flight". Under this standard, the courts have held that the determination of whether an officer's conduct was reasonable under the circumstances must allow for the fact that police officers are often forced to make split second decisions intense, uncertain and rapidly evolving situations. *Gram* 490 U.S. at 396; *Ford v. Childers* 855 F.2d 1271, 1276 (7th Cir. 1998). The plaintiff must show that Sergeant Jones' use of force was objectively excessive from the perspective of a reasonable officer on the scene under the totality of the circumstances. *Gram* 490 U.S. at 396-97; *Bell v. Irwin*, 321 F.3d 637, 639 (7th Cir. 2003). In light of what occurred from Sergeant Jones' point of view and assessing

the reasonableness objectively, the record shows that his action in this case was objectively reasonable.

Additionally Sergeant Jones' decision to briefly detain Mr. Perry was objectively reasonably. The evidence introduced at trial shows that Mr. Perry interfered with Sergeant Jones' efforts to assist the officers with their arrests and control a crowd that was chaotic and unruly. Plaintiff has withdrawn his other claim that this "seizure" was unreasonable or otherwise constitutes a violation of the Fourth Amendment.

### III. SINCE KEDAR JONES IS ENTITLED TO PROTECTION AFFORDED BY THE DOCTRINE OF QUALIFIED IMMUNITY, HE IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO COUNTS I, III AND V OF THE COMPLAINT.

Qualified immunity shields governmental officials from liability for civil damages for discretionary acts that do not violate clearly established statutory constitutional rights of a reasonable person who know. *Crue v. Aiken*, 370 F.3d 668, 680 (7th Cir. 2004).

To determine if a defendant is entitled to qualified immunity, the Court must engage in a two-step analysis. It must first determine whether the plaintiff has asserted the violation of a federal constitutional right. *Leaf v. Shelnutt*, 400 F.3d 1070, 1079 (7th Cir. 2005). If such a violation did occur, the court must the determine whether the right was so clearly established at the time of the alleged violation that a reasonable officer would have known his actions were unconstitutional. *Saucier v. Katz*, 533 U.S. 1994, 2094, 2002, 121 S. Ct. 2151 (2001). The Supreme Court has recognized that peace officers will, in some cases, reasonably but mistakenly conclude that probable cause is present and in such cases, those officials should not be held personally liable. *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034 (1997). The doctrine of qualified immunity is designed to give "ample room for mistakes in judgments by protecting all but the plainly incompetent or those who knowingly violate the law". *Hunter v.*

*Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534 (1991). An officer does not lose his or her qualified immunity because of a mistaken, yet reasonable belief, nor does the officer lose immunity because of a reasonable mistake as to the legality of the officer's actions. *McCory v. City of Monticello*, 342 F.3d 842, 846 (8th Cir. 2003).

A plaintiff in a Section 1983 action seeking to overcome a qualified immunity defense bears the burden of establishing the existence of a clearly established constitutional right. *Crue*, 370 F.3d at 670 (7th Cir. 2004). The ultimate burden of proof is on the plaintiff to show that the defendant is not entitled to qualified immunity. *Scott v. Clay County*, 205 F.3d 867, 873 note 9 (6th Cir. 2000). Qualified immunity presents a question of law for the Court to decide. *Jones v. Webb*, 45 F.3d 178, 183 (7th Cir. 1995).

In determining whether an officer is entitled to qualified immunity, the first inquiry must be whether a constitutional right would have been violated on the facts alleged. *Saucier*, 533 U.S. 194, 200 (2001); *Payne v. Pauley*, 337 F.3d 767, 775 (7th Cir. 2003). If no constitutional right has been violated that is the end of the qualified immunity analysis. S*aucier* 533 U.S. at 201. If a violation could be made out on the facts taken in the light most favorable to the plaintiff, the next step is to ask whether the right was clearly established, that is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Wilson v. Layne*, 526 U.S. 603, 615, 119 S.Ct. 1692 (1999). The Supreme Court case law teaches that this inquiry must be "undertaken in the light of the specific context of the case". *Id*. at 201. Existing precedent also makes it clear that the doctrine of qualified immunity leaves "ample room for mistake in judgments by police officers". *Payne* 337 F.3d at 776.

When a claim of excessive force arises in the context of an arrest, the Court evaluates the officer's use of force, "according to the reasonableness standard of the Fourth Amendment". *Morphine* 349 F.3d at 1004.

Even if the facts are viewed in the light most favorable to the plaintiff, a reasonable trier of fact cannot reach the conclusion that Sergeant Jones acted unreasonably in using the force employed when the plaintiff confronted him on March 5, 2005. Sergeant Jones repeatedly told plaintiff to "back off" and Mr. Perry failed to heed that direction. When Plaintiff entered Sergeant Jones' "zone of safety", Sergeant Jones was obviously faced with exigent circumstances associated with near riot conditions. Nevertheless, the plaintiff admits that he does not recall any event between exiting the club and lying on the ground. Given the nature of the information Sergeant Jones' possessed at the time, which is the only testimony regarding the critical time frame, it was objectively reasonable for Sergeant Jones to use force so he could protect himself and others. Sergeant Jones did not threaten, punch or otherwise batter the plaintiff. Sergeant Jones had reason to believe that a crime had been committed by the plaintiff as he was obstructing his ability to perform his duties, including, but not limited to, crowd control and breaking up fights.

Application of *Saucier* to this case requires this Court to afford qualified immunity to Sergeant Jones because plaintiff cannot show that his actions were objectively unreasonable. Sergeant Jones was acting in response to a battery in progress at Club Jaguar. The plaintiff was actively resisting his efforts to control the crowd and in said doing placed him in fear of his own safety and obviously caused the officer to fear for the safety of his fellow officers and the patrons. Accordingly, Sergeant Kedar Jones is entitled to judgment as a matter of law as to Count I and II.

## IV. SERGEANT JONES IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES.

While Section 1983 does not expressly authorize an award of punitive damages, the Supreme Court has held that a jury my assess punitive damages in a Section 1983 action when the defendant's conduct involves "reckless or careless disregard for the plaintiff's rights or intentional violations of federal law." *Smith v. Wade*, 461 U.S., 30, 51 (1983). It is undisputed that Sergeant Jones was present at Club Jaguar for a battery in progress. He observed a battery in progress at the night club and was also involved in a weapons arrest.

A jury may award punitive damages if "the plaintiff demonstrates that the defendant acted with malice or reckless indifference to the federally protected rights of an aggrieved individual". *Kolstad v. American Dental Association*, 527 U.S. 526-534 (1999). The terms "malice" or "reckless indifference" pertain to the defendant's knowledge that he may be acting in violation of federal laws". . . *Kolstad*, 527 U.S. at 535. In *State Farm Automobile Insurance Company v. Campbell*, 538 U.S. 408, 419 (2003), the Supreme Court concluded that it should be presumed that a plaintiff has been made whole for his injuries by compensatory damages and punitive damages should only be awarded "if the defendant's culpability after receiving compensatory damages is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence". *Id.*, citing *BMW of North America, Inc., v. Gore*, 517 U.S. 559, 575-77 (1996).

The principles identified above mandate entry of judgment in favor of Sergeant Jones as to any claim for punitive damages. Perry is unable to show that Sergeant Jones acted with reckless indifference or malice when he placed the plaintiff under arrest. Since plaintiff cannot

recall or offer testimony regarding any action taken by Sergeant Jones leading up to his arrest, he cannot credibly claim that Sergeant Jones acted maliciously. Moreover, Sergeant Jones ordered paramedics to transport plaintiff to Ingalls Memorial Hospital and did not deny him medical treatment.

There was no bad faith, ill-will or other improper motivation such as private vendetta, or some other illegitimate animist, i.e. race, ethnicity, or gender. Under no stretch of the imagination can the conduct plaintiff attributes to him be considered reckless. Plaintiff cannot offer testimony or evidence which shows that Jones acted with callous indifference towards Perry's constitutional rights. Accordingly, Sergeant Jones is entitled to judgment as a matter of law as to plaintiff's punitive damages claim.

## V.     MALICIOUS PROSECUTION

The plaintiff has singularly failed to show evidence which shows that Sergeant Jones did not have probable cause to effect his arrest. He certainly had reasonable grounds to conclude that Perry had committed the offense of obstructing a police officer as well as resisting arrest. Perry himself has provided no evidence which refutes or contradicts Sergeant Jones' testimony on the issue of probable cause. Perry has also failed to produce evidence which shows that Sergeant Jones' decision to make the arrest was malicious or otherwise made in bad faith. 745 ILCS 10/2-201 immunizes public employees in those situations where they exercise discretion, including situations that require them to make arrests. 745 ILCS 10/2-201 specifically provides that a public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. Given Perry's failure to show that the decision to arrest rises to the level of willful and wanton conduct, his malicious prosecution claim fails.

Accordingly, Sergeant Perry is entitled to judgment as a matter of law as to Plaintiff's malicious prosecution claim.

## VI.     CONCLUSION.

For the reasons stated above, Sergeant Jones respectfully requests that the Court enter a directed verdict in his favor as to all Counts of the amended complaint. Additionally, Sergeant Jones requests that the Court award him reasonable attorneys' fees incurred in connection with preparing this motion.

>                        DOWD & DOWD, LTD.
>
> By:     /s/ Jeannine S. Gilleran
>         Attorneys for the defendant
>         Sergeant Kedar Jones

## CERTIFICATE OF SERVICE

I, an attorney, state that the notice of filing Defendant's Motion for Judgment as a Matter of Law was served electronically to all law firms of record via ECF on September 18, 2007.

By: /s/ Jeannine S. Gilleran
     Attorney for Defendant

DOWD & DOWD, LTD.
617 W. Fulton Street
Chicago, IL 60661
Tx: 312/704-4400
Fx: 312/704-4500